IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex D. Taylor, #274939, ) | C/A No.: 1:12-547-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Amanda Albright, Classification Case ) | |
| Worker, and Wayne McCabe, Warden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Alex D. Taylor ("Plaintiff"), proceeding *pro se* and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Classification Case Worker Amanda Albright and Warden Wayne McCabe ("Defendants") while incarcerated in the custody of the South Carolina Department of Corrections ("SCDC") at Lieber Correctional Institution ("LCI"). This matter is before the court on Defendants' Motion for Reconsideration [Entry #33] of the order to compel [Entry #29]. Plaintiff did not file a response, but filed a motion for sanctions [Entry #35], which Defendants opposed [Entry #40]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). For the reasons that follow, Defendants' motion is granted, and Plaintiff's motion is denied.

I.      Defendants' Motion for Reconsideration [Entry #33]

On June 11, 2012, Plaintiff filed a motion to compel Defendants to produce certain documents including, inter alia, SCDC policies that he had obtained in another unrelated

lawsuit against other SCDC personnel at LCI captioned *Taylor v. Nettles*, C/A No.: 1:11-1479-TLW-SVH.  In response to Plaintiff's discovery requests and the motion, Defendants stated they were not in possession of the requested documents, that they had fully responded to the requests, and that the motion was moot.  The court issued an order on June 29, 2012, finding that Warden McCabe needed to supplement his responses to Plaintiff's Requests by providing documents or an explanation of why such documents are not in his possession as it seemed the Warden would have ready access to the same.  Warden McCabe supplemented his responses to Plaintiff's Requests on July 11, 2012, stating that while he is entitled to access the policies of SCDC, he does not control the production or distribution of the policies and is not authorized to do so pursuant to SCDC restricted policies.

In the instant motion, Defendants request that the court reconsider its order of June 29, 2012, and deny Plaintiff's motion to compel.  In the alternative, Defendants request the court alter, amend and stay production of the restricted documents until the threshold question of qualified immunity is decided in Defendants' pending motion to dismiss/summary judgment [Entry #36].

By way of background, the undersigned issued an order in *Taylor v. Nettles* finding that Defendants inadvertently provided and filed the SCDC policies against SCDC security policy, and that the documents referencing the disclosure should be

sealed.[1] [Entry #44]. For the same reasons indicated therein, the court finds that the requested documents which SCDC has identified as restricted from inmates and the general public should not be disclosed because their disclosure poses a serious security risk. Therefore, the court grants Defendants' motion to reconsider [Entry #33], vacates its prior order to compel [Entry #29], and denies Plaintiff's motion to compel [Entry #27].

II.     Plaintiff's Motion for Sanctions [Entry #35]

In his motion for sanctions, Plaintiff requests an order requiring Defendants to pay him "$750 as reasonable expenses in obtaining this order, on the ground that the Defendants' refusal to produce the documents had no substantial justification" and "for further sanctions that are deemed necessary to ensure that Plaintiff is provided with the requested documents." [Entry #35 at 2]. In light of the court's ruling vacating its prior order to compel, the motion for sanctions is denied. While the court is troubled by defense counsels' representations in the responses to Plaintiff's discovery requests that "Defendants are not in possession of any documents related to" the requests, at this juncture, the court finds that sanctions are not appropriate. Counsel for Defendants are reminded that their signature on any pleading or discovery document constitutes a representation to the court pursuant to Fed. R. Civ. P. 11 about the information provided therein.

---

[1] This court takes judicial notice of Plaintiff's prior related cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

III.     Conclusion

For the foregoing reasons, the court grants Defendants' Motion for Reconsideration [Entry #33] and denies Plaintiff's Motion for Sanctions [Entry #35].

IT IS SO ORDERED.

*Shiva V. Hodges*

August 24, 2012                                                          Shiva V. Hodges
Columbia, South Carolina                                      United States Magistrate Judge

4