**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ALEX D. TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMANDA ALBRIGHT, Classification )<br>Case Worker, and WAYNE MCCABE, )<br>Warden, )<br>)<br>Defendants. )<br>) | No. 1:12-cv-00547-DCN<br><br>**ORDER** |

      Plaintiff Alex D. Taylor, a state prisoner, filed a civil complaint against defendants Amanda Albright and Wayne McCabe on February 27, 2012, asserting claims under 42 U.S.C. § 1983. Defendants filed an answer on April 20, 2012. On July 19, 2012, defendants filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to the magistrate judge, who issued a Report and Recommendation (R&R) on September 20, 2012, recommending that the court grant summary judgment as to defendant McCabe but deny summary judgment as to defendant Albright. Specifically, the magistrate judge found Taylor had stated a claim for use of excessive force by Albright, but had failed to show that McCabe was liable under theories of respondeat superior or supervisory liability. Defendant Albright filed objections to the R&R on October 23, 2012.

      This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the plaintiff did not object, as a party's failure to object is accepted as agreement with the conclusions of the

1

magistrate judge.  Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration.  28 U.S.C. § 636(b)(1).

Albright's "Objections and Renewed Motion for Summary Judgment" is no more than a thinly veiled request for a "do over" since it includes two new affidavits and attendant exhibits.  Plaintiff correctly points out in his "Objection to Defendant's Renewed Motion for Summary Judgment" that the information Albright submitted with her "objections" could easily have been made available at the time of filing of her first motion for summary judgment.  Albright's attempt to make an end-run around an adverse R&R is to be condemned and should not be repeated.

However, in the interest of judicial efficiency and in this court's discretion, this case is hereby **REMANDED** to the magistrate judge for consideration of Albright's post-R&R filings.  Plaintiff is given 45 days from the date of this order to respond to Albright's "objections."  The parties and magistrate judge are directed to consider the issue of qualified immunity as it relates to defendant Albright along with the post-R&R filings and other issues raised by those filings.

Now, therefore it is **ORDERED** that the R&R as to defendant McCabe is **AFFIRMED** and the case is **REMANDED** to the magistrate judge.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 6, 2013**
**Charleston, South Carolina**

3