IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| ALEX D. TAYLOR, ) | |
| ) | No. 1:12-cv-00547-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| AMANDA ALBRIGHT, *Classification* ) | |
| *Caseworker*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Shiva V. Hodges' report and recommendation, ECF No. 67, that the court grant defendant Amanda Albright's renewed motion for summary judgment, ECF No. 51. For the reasons set forth below, the court adopts the report and recommendation and grants Albright's renewed motion for summary judgment.

## I.  BACKGROUND

This case arises out of an incident that occurred on August 4, 2010 at Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina. Plaintiff Alex D. Taylor, a state prisoner currently held at Broad River Correctional Institution and formerly held at LCI, asserts that defendant Amanda Albright, a South Carolina Department of Corrections employee, violated Taylor's Eighth Amendment rights by using chemical munitions to subdue him, and by denying Taylor both medical treatment and the opportunity to wash himself.

1

**A. Factual Allegations**

Because Albright has moved for summary judgment, the court construes the facts in the light most favorable to Taylor. On August 4, 2010, Taylor covered the window of his jail cell with paper because he was using the restroom. Compl. 4. When Albright ordered him to take the paper down, Taylor replied that he would do so when he finished using the restroom. Id. at 4-5. Albright "insisted that plaintiff take [the paper] down immediately, whereupon plaintiff replied with 'in a minute.'" Id. at 5. Albright then administered 11.8 grams of chemical munitions under Taylor's cell door, causing him to gag, choke, and cough uncontrollably. Id. Taylor also suffered blurry eyes and an anxiety attack after the incident. Id. Taylor was not allowed to take a shower until his next scheduled shower day, id., and lacked running water in his cell on the day of the incident. Pl.'s Opp'n to Def.'s Mot. for Summ. J. 6, ECF No. 41. As a result, Taylor had no way to clean his skin and eyes. Taylor was not seen by medical personnel until August 7, 2010, three days after the incident. Id. Ex. C; Albright's Renewed Mot. for Summ. J. Ex. A.

**B. Procedural History**

Taylor filed a civil complaint against Albright and LCI warden Wayne McCabe on February 27, 2012, seeking relief pursuant to 42 U.S.C. § 1983. Section 1983 imposes civil liability on state actors who deprive United States citizens of their constitutional rights. The complaint alleges that Albright violated the Eighth Amendment's prohibition against excessive force by using chemical munitions against Taylor and by denying him prompt medical treatment and the ability to wash himself after the incident. Compl. 5-6.

The complaint also alleges that "Warden McCabe allows a loose use of chemical munition" in LCI's facilities. Id. at 6.

Defendants answered the complaint on April 20, 2012. On July 19, 2012, defendants filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to the magistrate judge, who issued a report and recommendation ("the first R&R") on September 20, 2012, recommending that the court grant in part and deny in part defendants' motions for summary judgment. Specifically, the magistrate judge recommended that the court find that Taylor's excessive force claim against Albright survived scrutiny at the summary judgment stage, but that Taylor's claim against Warden McCabe failed. Albright filed objections to the first R&R along with a renewed motion for summary judgment on October 23, 2012. On March 6, 2013, the undersigned affirmed the first R&R as to Warden McCabe, effectively dismissing him as a defendant, and remanded the case to the magistrate judge for consideration of Albright's objections and renewed motion for summary judgment. Taylor replied to Albright's objections on April 22, 2013.

The magistrate judge another report and recommendation ("the second R&R") on May 30, 2013, recommending the court grant summary judgment in Albright's favor. Taylor filed objections to the second R&R on June 17, 2013. The matter is ripe for the court's review.

## II. STANDARDS OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28

U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Taylor appears pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Haines v. Kerner, 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the ECF of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Id. at 255.

### III.   DISCUSSION

Taylor lists five objections to the second R&R.  Because these objections are repetitive and overlapping, the court condenses Taylor's list into three objections.  Specifically, Taylor asserts that the magistrate judge:  (1) improperly considered Albright's renewed motion for summary judgment; (2) failed to address Taylor's request for additional discovery; and (3) wrongly concluded that Albright believed that Taylor received prompt medical treatment.  The court addresses each of these objections in turn.

**A.  Albright's Renewed Motion for Summary Judgment**

Taylor first contends that the magistrate judge erred by considering Albright's renewed motion for summary judgment and the attachments thereto.  He states that the court specifically ordered "that the defendant's motion for 'renewed summary judgment' is to be 'condemned and should not be repeated.'"  Pl.'s Objections to Second R&R 1.

This argument fundamentally misconstrues the court's order remanding the case for further consideration.  The court indeed condemned Albright's "Objections and Renewed Motion for Summary Judgment" as a "thinly veiled request for a 'do-over'" that contained arguments and exhibits that easily could have been included in Albright's first motion for summary judgment.  Order 2, March 6, 2013, ECF No. 61.  The court admonished Albright that she should not repeat her "attempt to make an end-run around an adverse R&R."  Id.  However, in the interest of judicial efficiency, the court expressly directed the magistrate judge to consider the substance of Albright's renewed motion for summary judgment.  Id.  The magistrate judge's consideration of Albright's renewed motion for summary judgment was, therefore, not improper.  Taylor's first objection is overruled.

### B. Taylor's Discovery Requests

Taylor next argues that the second R&R fails to address his "lack of opportunity to discover information." Pl.'s Objections ¶ 5.

The following procedural summary provides necessary context to Taylor's second objection. In April 2012, Taylor submitted to defendants his written requests for production of documents. Pl.'s Mot. to Compel Discovery Ex. A, ECF No. 27-2. Among other things, Taylor sought documents detailing a variety of the South Carolina Department of Corrections ("SCDC") policies and procedures, including inmate disciplinary strategies and guidelines for the use of chemical munitions. Id. On May 30, 2012, defendants responded to Taylor's discovery requests. Id. In response to most of Taylor's document requests, defendants simply stated that "The Defendants are not in possession of any documents related to this request." Id. Ex. B.

On June 11, 2012, Taylor filed a motion to compel discovery, arguing that "it is inconceivable that the warden of the Institution is not in possession of the policies and procedures upon which the institution is ran." Pl.'s Mot. 2. Defendants submitted a cursory response to Taylor's motion to compel, reiterating that "[t]he documents requested . . . are not documents that are in possession of the Defendants." Defs.' Resp. to Pl.'s Mot. to Compel 1, ECF No. 28. With little to go on from defendants, the magistrate judge granted Taylor's motion to compel. Order, June 29, 2012, ECF No. 29.

On July 13, 2012, defendants filed a motion for reconsideration which, for the first time, provided significant support for their position. Defs.' Mot. for Reconsideration, ECF No. 33. Defendants explained that SCDC policy prevented Albright, Warden McCabe, and all other LCI staff from copying or distributing SCDC

policies that relate to prison security and prisoner control.  Defs.' Mot. 2-3.  In support of their argument, defendants attached an excerpt of SCDC's guidelines that explains that "restricted policies are not available to inmates."  Id. Ex. 2.  Defendants also provided an affidavit authored by SCDC general counsel David Tatarsky.  Id. Ex. B.  This affidavit explains that "no staff member of Lieber Correctional Institution is authorized to reproduce or distribute restricted policies, training materials, or personnel files to inmates," and that all such reproduction and distribution is "controlled by the South Carolina Department of Corrections."  Id. Ex. B ¶ 9-10.  Taylor did not oppose defendants' motion for reconsideration.  In light of defendants' arguments and evidence, the magistrate judge granted the motion and vacated the order compelling production.  Order 3, Aug. 24, 2012, ECF No. 42.

From the foregoing procedural history, it is clear that the magistrate judge correctly determined that defendants need not provide the discovery that Taylor sought.  Even if the court were convinced that Taylor was entitled to this discovery – which it is not – Taylor's objection is untimely, as it relates to a discovery dispute that was decided over a year ago.  Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, . . . [a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy.") (emphasis added).

Taylor relies on a footnote from Liberty Lobby for the proposition that summary judgment is inappropriate "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  477 U.S. 242, 250 n.5 (1986).  This footnote does not bolster Taylor's position.  First, the footnote discusses a version of

7

Rule 56(f) of the Federal Rules of Civil Procedure that is no longer operative. Second, the magistrate judge's ruling does not amount to a denial of discovery that was essential to Taylor's position. Rather, the magistrate judge simply determined that Taylor was not entitled to the discovery he sought. For these reasons, Taylor's second objection is overruled.

### C. Albright's Belief that Taylor Was Promptly Treated by Medical Staff

Finally, Taylor objects to the "magistrate judge's conclusion that he does not dispute defendant Albright's testimony that 'she was informed that medical staff had evaluated him.'" Pl.'s Objections 2. Taylor states that he specifically disputed Albright's testimony in his response to Albright's objections to the first R&R. This argument fails because it conflates two questions: (1) whether Taylor was promptly treated by medical personnel; and (2) whether Albright believed that Taylor had been promptly treated.

In the relevant portion of the second R&R, the magistrate judge addressed this very issue.

> Plaintiff claims he was without medical care. The date that the nurse signed the report on use of force could be read as "8/4/10" or "8/7/10." Albright testified in Plaintiff's prison disciplinary hearing that she was informed that Plaintiff had been seen by medical when she called to obtain the use of force form. Assuming as true for the purposes of summary judgment that Plaintiff was not seen by medical personnel on August 4, 2010, Plaintiff has still failed to prove that Albright maliciously and sadistically withheld medical treatment from Plaintiff, as he does not dispute her testimony that she was informed that medical staff had evaluated him. Therefore, Plaintiff has failed to set forth a genuine dispute of material fact.

Second R&R at 9, May 3, 2013, ECF No. 67 (internal citations omitted). Taylor has repeatedly asserted that he was not treated by medical personnel until several days after Albright administered chemical munitions. See, e.g., Pl.'s Opp'n to Defs.' Mot. for Summ. J. 7 ("Plaintiff states that he was not provided with medical treatment, after being

8

sprayed with chemical munition."); id. Ex. C (containing an SCDC employee statement that Taylor was not seen by medical personnel on August 4, 2010).  Taylor has, however, failed to contradict Albright's statement that she was informed that he had been timely given medical treatment.  As the magistrate judge ably explained, there can be no argument that Albright maliciously and sadistically withheld medical treatment in violation of the Eighth Amendment when it is undisputed that Albright thought that Taylor had received prompt medical care.  Taylor's third objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's second R&R, ECF No. 67, and **GRANTS** defendant Amanda Albright's renewed motion for summary judgment, ECF No. 51.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 12, 2013**
**Charleston, South Carolina**

9